IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



MAYFIELD HOPE,

    Plaintiff,

v.                                                      Civil Action No. **3:08CV563**

GENE M. JOHNSON, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *in forma pauperis*, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On April 22, 2009, Plaintiff filed an amended complaint, which supplanted his original complaint. Plaintiff's amended complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2) and 20(a).

### I. The July 7, 2009 Memorandum Order

Specifically, by Memorandum Order entered on July 7, 2009, the Court stated:

> Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (*quoting Canty v. City of Richmond, Va., Police Dep't*, 383 F. Supp. 1396, 1399 (E.D. Va. 1974)). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "Even *pro se* plaintiffs must recognize Rule 8's vision for 'a system of *simplified pleadings* that give notice of the general claim asserted, allow for the preparation of a basic defense, *narrow the issues* to be litigated, and provide a means for quick dispositions of sham claims.'" *Sewraz v. Guice*, No. 3:08cv00035, 2008 WL 3926443, at *1 (E.D. Va. Aug. 26, 2008) (*quoting Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972)), *aff'd*, No. 08-8173, 2009 WL 726013 (4th Cir. Mar. 20, 2009). "Statements which are unnecessarily prolix place 'an unjustified burden on the court and the party who must respond to [them] because they are forced to select the relevant material from a mass of verbiage.'" *Id.* (alteration in original) (*quoting Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)); *see North Carolina v.*

*McGuirt*, 114 F. App'x 555, 558-59 (4th Cir. 2004) (Nos. 04-1305, 04-1306), *available at* 2004 WL 2603703, at *2-3.

Plaintiff's amended complaint spans over 70 pages, names more than a score of individuals as defendants, and contains twenty or so separate claims.[1] The breadth and span of the complaint make it exceedingly difficult for an individual defendant to discern which particular facts support a particular claim for relief against him or her. For example, Plaintiff first attempts to explain why Gene Johnson, Larry Huffman, and A. David Robinson are liable on pages 56 and 57 of the amended complaint. Plaintiff explains, *inter alia*:

> The actions of Defendants Gene Johnson, Larry Huffman, and (A. David Robinson) in refusing to overturn the Plaintiff Mr. Hope, all the grievance and complaints despite their knowledge of the above-described due process violations such action constituted deliberate indifference and further denied the plaintiff Mr. Hope, the due process of law in violation of the Fourth Amendment to U.S. Const[].

(Compl. at 57(capitalization corrected).) Plaintiff does not specify which grievances Johnson, Huffman, and Robinson failed to overturn and what was contained in such grievances. Rule 8(a)(2) does not require the defendants to glean that information from the seventy pages Plaintiff places before the Court.

Accordingly, within twenty (20) days of the date of entry hereof, Plaintiff is DIRECTED to submit an amended complaint that comports with Federal Rule of Civil Procedure 8(a) or show good cause why the current complaint should not be dismissed.[2] Should Plaintiff choose to submit an amended complaint, he must thoroughly review the current complaint and dispense with any redundant factual allegations and dispense with any multiplicitous claims for relief. Furthermore, any amended complaint must comply with the rules for joining multiple defendants in a single action. Specifically, when a plaintiff seeks to bring multiple claims against multiple defendants he must also satisfy Federal Rule of Civil Procedure 20, which provides:

> **(2) Defendants.** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

---

[1] The events that support Plaintiff's various claims stretch back as far as 1993 and do not appear to be coherently related.

[2] To the extent that Plaintiff elects to stand on his current complaint and show cause as to why it comports with Federal Rule of Civil Procedure 8, he must also explain why all the defendants are properly joined under Federal Rule of Civil Procedure 20(a).

Fed. R. Civ. P. 20(a). Simply stated, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Garcia v. Munoz*, No. 2:08cv01648, 2008 WL 2064476, at *3 (D.N.J. May 14, 2008).[3] "Neither Rule 20(a), nor the interests of judicial economy permit Plaintiff to pursue his 'mishmash of a complaint' in its current form." *Robinson v. Johnson*, No. 3:07cv00449, 2009 WL 874530, at *1 (E.D.Va. Mar. 26, 2009) (*quoting George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007)). Therefore, to the extent that Plaintiff submits an amended complaint, he must briefly explain why all of the claims against multiple defendants are transactionally related and what common question of law and fact unites all of the defendants.

Failure of Plaintiff to comply with the instructions set forth above will result in dismissal of the action. *See* Fed. R. Civ. P. 41(b).

## II. Plaintiff's Response

Plaintiff did not submit an appropriate amended complaint. Plaintiff's response to the Court's order is three-fold. First, Plaintiff submitted a "MOTION FOR REPLACEMENT OF, SUBSTITUTION OF, AND RECTITUDE OF NAMED DEFENDANTS." In that motion Plaintiff lists all of the defendants that he named in his original and amended complaint and asks the Court to add such defendants to the Court's docket. The motion (Docket No. 27) will be GRANTED. Second, instead of submitting an amended complaint, Plaintiff has submitted an index for his various claims. The index does not cure the deficiencies noted by the Court. Indeed, the index simply adds another twist to an already overly convoluted pleading. For example, Plaintiff now suggests that the defendants should flip between the original complaint and amended complaint to glean the facts that support their liability. The Federal Rules of Civil

---

[3] The Court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. *See, e.g., George*, 507 F.3d at 607; *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

Procedure do not "permit Plaintiff to pursue his 'mishmash of a complaint' in its current form." *Robinson v. Johnson*, No. 3:07cv00449, 2009 WL 874530, at *1 (E.D. Va. Mar. 26, 2009) (*quoting George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Plaintiff has ignored the Court's direction to submit a proper amended pleading. *See* Fed. R. Civ. P. 41(b). Although the Court liberally construes pleadings by *pro se* plaintiffs,

> . . . nothing in the case law, statutes, and federal rules obligates a court to pour through sprawling, amorphous tomes such as [Plaintiff] has filed in this case to attempt to ferret out a claim. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278-79 (4th Cir. 1985). This is especially true in this case in which [Plaintiff] makes sweeping conspiracy allegations against a large number of persons, and the broad, unstructured nature of the allegations themselves preclude a defendant from making any meaningful response.

*Showalter v. Johnson*, No. 7:08cv00276, 2009 WL 1321694, at *5 (W.D.Va. May 12, 2009) (citing *Pruden v. SCI-Camp Hill*, 3:07cv00604, 2007 WL 1490573, at *3 (M.D. Pa. May 21, 2007)).

The final aspect of Plaintiff's response is to move for the appointment of counsel and suggest that the amended complaint and the original complaint are the best that Plaintiff can do to conform to the Federal Rules of Civil Procedure. The Court disagrees. It appears well within Plaintiff's capacity to litigate discretely, as separate actions, the myriad of claims that he has thrown together. Accordingly, Plaintiff's motion for the appointment of counsel (Docket No. 29) will be DENIED. Because Plaintiff has failed to comply with the Court's direction to submit a proper amended complaint, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

Date: NOV 1 2 2009
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge