IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



MAYFIELD HOPE,

    Plaintiff,

v.                                      Civil Action No. **3:08CV563**

GENE M. JOHNSON, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *in forma pauperis*, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. By Memorandum Order entered on July 9, 2009, the Court informed Plaintiff that his complaint did not comply with Rules 8 and 20 of the Federal Rules of Civil Procedure and directed Plaintiff to submit an appropriate complaint. By Memorandum Opinion and Order entered on November 12, 2009, the Court dismissed the action without prejudice because Plaintiff failed to comply with the Court's instructions and submit an appropriate complaint. On February 3, 2010, the Court received from Plaintiff a document titled "Motion For Leave To Proceed With Delayed Motion For Reconsideration, And Restoration Of Appellate Rights" (hereinafter, "Plaintiff's Motion").

In Plaintiff's Motion, he represents that on November 23, 2009, he submitted a "Motion To Reconsider" to prison officials. Plaintiff, however, mailed the document to the former address for the Court.[1] Therefore, on January 20, 2010, the U.S. Postal Service returned the Motion To Reconsider to Plaintiff and marked the envelope "NOT DELIVERABLE AS

---

[1] Plaintiff cannot be faulted for this error, because he apparently used the return address on the envelope containing the Court's November 12, 2009 Memorandum Opinion and Order.

ADDRESSED." Upon receiving the returned document, Plaintiff put the appropriate address on the envelope and remailed the Motion To Reconsider to the Court. In light of the foregoing circumstances, the Court deems Plaintiff's Motion To Reconsider to have been filed as of November 23, 2009, the date he alleges he handed it to prison officials for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Because the motion to reconsider was filed within ten days of the November 12, 2009 Memorandum Opinion and Order the Court will consider it as a motion for relief under Federal Rule of Civil Procedure 59(e). *See Dove v. Codesco*, 569 F.2d 807, 809 (4th Cir. 1978) (*citing* former Fed. R. Civ. P. 59(e)).

The United States Court of Appeals for the Fourth Circuit has recognized three ground for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (*citing Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Plaintiff apparently seeks relief under third ground.[2] Plaintiff, however, fails to identify any clear error of law by the Court or adequately explain why setting aside the November 12, 2009 Memorandum Opinion and Order is necessary to prevent injustice. Plaintiff has yet to submit a complaint that complies with Federal Rules of Civil Procedure 8(a) and 20. Accordingly, Plaintiff's motion to reconsider will be denied.

---

[2] Plaintiff contends that the Court should grant him some more time to finish complying with Court's directives to submit a complaint that complies with the Federal Rules of Civil Procedure. As explained in the November 12, 2009 Memorandum Opinion, the steps Plaintiff took in response to the July 7, 2009 Memorandum Order failed to reflect a good faith effort to comply with the Court's directions.

An appropriate Order shall issue.

Date: MAR 1 1 2010
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge